JOHN R. KROGER
Attorney General
KRISTIN A. WINGES-YANEZ #06552
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Kristin.A.Winges@doj.state.or.us

Attorneys for Defendants Williams, Czerniak, Gower, Cooney, Barton, Jones, Nooth, Gilmore, Bankenbaker, MacKenzie, and Hicks

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA ROBERT BROWN, | Case No. 3:10-cv-0003-BR |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; MAX WILLIAMS, in his individual and official capacity; STAN CZERNIAK, in his individual and official capacity; MICHAEL GOWER, in his individual and official capacity; BARBARA COONEY, in her individual and official capacity; JOAN BARTON; in her individual and official capacity; GREG JONES, in his individual and official capacity; MARK NOOTH, in his individual and official capacity; JUDY GILMORE, in her individual and official capacity; JACK BLANKENBAKER, in his individual and official capacity; HEIDI MACKENZIE; THERESA HICKS, in her individual and official capacity, | |
| Defendants. | |

Page 1 - MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1

## INTRODUCTION

Plaintiff, Joshua Brown, SID # #12607362, filed this suit on January 4, 2010, and amended his complaint on October 15, 2010. *See* U.S.D.C. Documents # 2, 32. Plaintiff alleges Defendants violated his rights under the First Amendment and the Due Process clause of the Constitution in two respects: 1) by failing to provide telephone access while he was housed in the Intensive Management Unit (IMU), and 2) by housing him in the IMU and failing to provide periodic review. See Amended Complaint, U.S.D.C. Document # 32.

Defendants move this Court for summary judgment pursuant to Fed. R. Civ. Pro. 56. Summary judgment should be entered in Defendants' favor as the undisputed facts indicate Defendants did not violate Plaintiff's constitutional rights, and Defendants are entitled to qualified immunity.

## FACTS

Pursuant to LR 56.1(a)(2) and (c), a Concise Statement of Material Facts is filed as a separate document and incorporated here by reference.

## ARGUMENT

### I.   Standard of Review

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). To defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Rather, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587. The record is

Page 2 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
        KAW/cbh/1868217-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

reviewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654 (1962).

## II. Plaintiff has not established a First Amendment violation regarding use of phones in IMU.

Plaintiff alleges Defendant Nooth violated his rights under the First Amendment where he decided not to provide telephones for use by IMU inmates. Plaintiff's complaint alleges that the Oregon State Penitentiary (OSP) provides telephones for IMU inmates, and argues that the denial of phones is thus not justified or reasonable. *See* Amended Complaint p. 8. Plaintiff's claim fails as a matter of law, as Plaintiff does not have a right to telephone use in the IMU. In *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002), the Ninth Circuit held that an inmate does not have a *per se* First Amendment right to use of a telephone. *Valdez*, 302 F.3d at 1047-48 (noting that "the genesis of the purported constitutional right to use a telephone is obscure."). Instead, the court "sensibly and expansively define[d] the First Amendment right at issue * * * as the right to communicate with persons outside prison walls." *Id.* at 1048. *See also Barrett v. Hill*, 2006 WL 698185, 1 (D.Or.) (D.Or. 2005)( plaintiff's ability to "communicate with the outside world" is not unconstitutionally restricted where he has use of phones for legal matters and emergencies, and where he may purchase envelopes and is allowed a reasonable allowance of free postage).

Inmates in the IMU at SRCI are provided telephone calls for emergency and legal reasons, and for other reasons as authorized by the functional unit manager. *See* Declaration of Robert Real, ¶ 10. Inmates can also communicate by mail, and indigent inmates are allowed five envelopes per month. *Id.* Plaintiff complains that this provision is insufficient. *See* Amended Complaint, p. 8. Plaintiff alleges that phones are available at OSP, thus any decision not to have phones at SRCI is unconstitutional. *See* Amended Complaint p. 7. Plaintiff's claim lacks merit for the reasons above. SRCI did not have phones available for use because such use was not

Page 3 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

allowed by the administrative rules, and because the unit was not wired for use. *See* Declaration of Robert Real ¶ 13. Furthermore, for the information of the Court, although it is not required by current caselaw, the administration at SRCI has in fact very recently decided to install telephones in the IMU for limited use by inmates of the highest programming level. *Id.* ¶ 14. This is intended to be an incentive. *Id.* Plaintiff does not have a right to more telephone use in the IMU. As stated above, Plaintiff's first amendment rights are not unconstitutionally infringed where Defendants make forms of communication reasonably available.

### III. **Plaintiff does not have a valid Due Process claim related to the placement in the IMU.**

Plaintiff's Claim II asserts that Defendants violate his rights to Due Process by placing him in the IMU without periodic review.[1] Defendants are not required to give plaintiff periodic review of his placement in IMU because Plaintiff has no liberty interest in remaining outside of IMU housing. A procedural due process claim has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001). To establish a due process violation, plaintiff must first prove a deprivation of a constitutionally protected right. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

Ordinarily, an inmate does not have a liberty interest in having or avoiding a particular type of prison housing. *Wilkinson v. Austin*, 545 U.S. 209, 221-224, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005); *see also Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003)

---

[1] Plaintiff does not allege that Defendants violated his rights under the Eighth Amendment regarding the conditions of IMU, but his Amended Complaint describes certain conditions at length. To the extent such a claim could be inferred, Defendants prevail as a matter of law, as Plaintiff cannot make an "objective" showing of a deprivation serious enough to violate the Eighth Amendment, and cannot prove that Defendants had a culpable mental state in the imposition of those conditions, i.e. that they know of and disregard an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed. 2d 811 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Page 4 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

("Typically, administrative segregation in and of itself does not implicate a protected liberty interest."). That is, a transfer from one form of housing to another does not implicate a constitutionally-protected liberty interest. *Id.* at 221. However, if the housing transfer "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" then the inmate does have a liberty interest implicated in the transfer. *Id.* at 223 (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)); *see also Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Thus, for example, in *Sandin*, the Supreme Court held that no liberty interest was implicated by a decision to place an inmate in disciplinary segregation where the conditions in "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and, in fact, did not differ too much from the general population conditions, in light of the fact that inmates in general population at the prison at issue served a substantial amount of "lockdown time." *Sandin*, 515 U.S. at 486.

Plaintiff alleges the conditions of IMU are atypical. The conditions of the IMU at OSP have previously been held not to violate the Eighth Amendment right to be free from cruel and unusual punishment and not to present conditions that are atypical, thus they do not implicate due process considerations. *See Rincker v. Oregon Department of Corrections, et. al.*, 2007 U.S. Dist LEXIS 43216 (D. Or. 2007), *aff'd* 2008 U.S. App. LEXIS 26546 (9th Cir. Or. Nov. 26, 2008); *See also Singh v. Czerniak* 2009 WL 464461, 5 (D.Or.) (D.Or.,2009). Notably, the *Rincker* court determined that even a four-year confinement to IMU was insufficient to implicate due process considerations. *Id.* at 21-22. *See also Johnson v. Kulongoski*, 2004 U.S. Dist. LEXIS 15571, Civ. No. 03-337-CO (D. Or. Aug. 3, 2004) *aff'd* 141 Fed. Appx. 645 (9th Cir. 2005) (rejecting plaintiff's due process claim regarding assignment to IMU because plaintiff had no liberty interest in avoiding assignment). Plaintiff alleges specific conditions are atypical: recreation, visiting, phone privileges, canteen availability, personal property restrictions, education, group religious services, work opportunities, library access and law library access,

Page 5 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
         KAW/cbh/1868217-v1
                                          Department of Justice
                                          1162 Court Street NE
                                          Salem, OR 97301-4096
                                     (503) 947-4700 / Fax: (503) 947-4791

behavior modification programs, supervision, availability of tennis shoes, and availability of television and music players. *See* Amended Complaint, p. 9-12. These issues have already been evaluated by the *Rincker* and *Singh* decisions.[2] The conditions do not trigger due process protection.

Even though placement in the IMU does not trigger a liberty interest, and thus no process is due, Defendants did provide periodic review of Plaintiff's Placement in the IMU. *See* Declaration of Robert Real, ¶16-20. Oregon inmates have a significant amount of control over the amount of time they spend in IMU. By maintaining a discipline-free record, and by completing required IMU programming, an inmate can work his way out of IMU, as plaintiff did. *Id.* Plaintiff's assertions that his placement was not reviewed are baseless. Furthermore, even if he had not been reviewed, Defendants still prevail as a matter of law because his placement did not trigger due process protection.

## IV. Plaintiff's claims are precluded by a prior state Habeas Corpus action.

To the extent Plaintiff alleges his placement in the IMU and the conditions of the IMU violate his constitutional rights, his action is precluded by a previous state court case for habeas corpus relief: *Joshua Robert Brown SID #12607362 v. Brian Belleque*, Marion County Case No. 08C21132. *See Declaration of Kristin Winges-Yanez*, Attachment 1. Judgment in favor of Defendant was entered on September 18, 2008. *See Id.*, Attachment 3.

In the Plaintiff's state habeas corpus action Plaintiff alleges violations of his right under the Fourteenth Amendment Due Process and Equal Protection clauses based on his placement in and continued housing in the IMU. *See* Petition for Writ of Habeas Corpus, Declaration of Kristin Winges-Yanez, Attachment 1. He alleges the conditions and duration of his placement in IMU caused him physical and psychological damage. *Id.* at 4.

---

[2] To the extent the decisions did not specifically address educational opportunities and work opportunities, Defendants provide evidence through the Declaration of Robert Real that the Plaintiff's assertions in these respects are incorrect and further that the conditions do not present an atypical hardship. See Declaration of Robert Real, ¶21-31.

Page 6 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
          KAW/cbh/1868217-v1
                                         Department of Justice
                                         1162 Court Street NE
                                         Salem, OR 97301-4096
                                         (503) 947-4700 / Fax: (503) 947-4791

The state's law regarding issue preclusion determines the preclusive effect of a state court action on a subsequent federal court action. *See Dodd v. Hood River County,* 136 F.3d 1219, 1225 (9th Cir. 1998). Under Oregon law, issue preclusion applies when five requirements are met:

1. The issue in the two proceedings is identical.
2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
3. The party sought to be precluded had a full and fair opportunity to be heard on the issue.
4. The party sought to be precluded was a party to the prior proceeding (or was in privity with a party).
5. The prior proceeding was the type of proceeding to which the court will give preclusive effect.

*Nelson v. Emerald People's Util. Dist.,* 318 Or. 99, 104, 862 P.3d 1293, 1296-97 (1993).

The Ninth Circuit has determined the preclusive effect of a state habeas corpus judgment. In *Silverton v. Dept of Treasury,* 644 F.2d 1341 (9th Cir. 1981), the Ninth Circuit held that a judgment in a state habeas corpus proceeding precludes "an identical issue from being relitigated in a subsequent § 1983 action if the state habeas corpus court afforded a full and fair opportunity for the issue to be heard." *Id.* at 1347. The *Silverton* court found no reason to give state habeas corpus decisions less preclusive effect than other state court decisions. State habeas courts should be presumed to apply proper constitutional standards, at least when there is a full and fair hearing. *Id.*

Plaintiff had a full and fair hearing on his constitutional claims in state court and his state habeas action precludes the present § 1983 suit, specifically the claims of violation of due process in relation to his placement and housing in the IMU and any potential claims regarding the conditions of IMU.

Page 7 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

V.    **<u>Defendants are entitled to qualified immunity.</u>**

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity is immunity from suit, not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

To determine whether an individual is entitled to qualified immunity, the first relevant inquiry is: did the official violate the Plaintiff's constitutional rights? *Saucier*, 533 U.S. at 201. The second relevant question is: was the law governing that right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The Supreme Court recently clarified that although courts *may* apply these questions in order, courts have the discretion to determine "whether that procedure is worthwhile." *Pearson v. Callahan*, 129 S.Ct. 808, 821 (2009). Courts may end the inquiry if either question is answered affirmatively. *Id.*

As discussed above, Defendants did not violate Plaintiff's constitutional rights, even viewing all facts in favor of Plaintiff. Defendants are entitled to qualified immunity on that basis. Moreover, even if Plaintiff were able to show that, viewing all facts in his favor, Defendants *had* violated his constitutional rights, Defendants would still be entitled to qualified

Page 8 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

immunity because it would not be clear to a reasonable officer that the actions taken by Defendants were unlawful.

Even if it is argued that the facts at issue here give rise to a constitutional right, a reasonable officer would certainly believe that following well-established ODOC policies and administrative rules regarding telephones in the IMU and the placement and review of inmates in IMU was legal, especially given the Court's decisions in *Barrett, Rincker* and *Singh*. *See Neely v. Feinstein,* 50 F.3d 1502, 1507 (1995). As Defendants followed clearly established law regarding the IMU, they are entitled to qualified immunity.

## VI. Defendant Oregon Department of Corrections should be dismissed under the doctrine of Sovereign Immunity.

Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in federal court regardless of the relief sought. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). The Eleventh Amendment provides that the judicial power of the United States, otherwise defined in Article III, "shall not be construed to extend to any suit in law or equity commenced or prosecuted" against a state. It is well established that the Eleventh Amendment bars citizens from bringing suit in federal court against a state or state agency unless that immunity is waived by the state or abrogated by Congress. *Alabama v. Pugh,* 438 U.S. 781, 782 1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment . . ."); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens"). The Oregon Department of Corrections, a state agency, has not consented to suit and should be dismissed. The claims against ODOC also fail because it is not a "person" for purposes of § 1983, which only permits recovery against persons acting under the color of state law. *See* 42 U.S.C. § 1983; *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989).

Page 9 -   MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

The uncontested material facts before the Court indicate that the Defendants did not deprive Plaintiff of his Eighth or Fourteenth Amendment rights. For the reasons stated in this Memorandum, Defendants are entitled to summary judgment on all of Plaintiff's claims.

DATED this 23 day of November, 2010.

Respectfully submitted,

JOHN R. KROGER
Attorney General

KRISTIN A. WINGES-YANEZ #06552
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Kristin.A.Winges@doj.state.or.us
Of Attorneys for Defendants

Page 10 -  MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
KAW/cbh/1868217-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CERTIFICATE OF SERVICE

I certify that on November 23, 2010, I served the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Joshua Robert Brown, SID #12607362<br>Oregon State Penitentiary<br>2605 State Street<br>Salem, Oregon  97310-0500<br>    Plaintiff Pro Se | ___ HAND DELIVERY<br> x  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |

*signature*

/KRISTIN A. WINGES-YANEZ #06552
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Kristin.A.Winges@doj.state.or.us
Of Attorneys for Defendants Williams,
    Czerniak, Gower, Cooney, Barton, Jones,
    Nooth, Gilmore, Bankenbaker, MacKenzie,
    and Hicks

Page 1 -   CERTIFICATE OF SERVICE
           KAW/cbh/1868280-v2