IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSHUA ROBERT BROWN,

        Plaintiff,

  v.

OREGON DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

Civil No. 10-03-BR

ORDER

BROWN, Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are Defendants' Motion to Amend Answer and Affirmative Defenses (#34) and Motion to Stay Discovery (#41). For the reasons that follow, the Court GRANTS Defendants' Motions.

**I.  Motion to Amend Answer and Affirmative Defenses**

    Defendants seek leave to file an Amended Answer and Affirmative Defenses adding the affirmative defenses of claim and issue preclusion. Plaintiff did not file a response to Defendants' Motion. Pursuant to Fed. R. Civ. P. 15(a)(2), a

1 - ORDER -

"court shall freely give leave [to amend] when justice so requires." The Court finds justice so requires in this action, and GRANTS Defendants' Motion to Amend Answer and Affirmative Defenses. Defendants shall have 10 days to file their Amended Answer and Affirmative Defenses.

## II. Motion to Stay Discovery

Defendants seek a stay of discovery pending the Court's resolution of Defendants' Motion for Summary Judgment. In their Motion for Summary Judgment, Defendants assert the defense of qualified immunity. It is well established that qualified immunity is an "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Specifically, a qualified immunity is "an entitlement to not stand trial or fact the other burdens of litigation." Id. Moreover, a district court enjoys wide discretion in controlling the scope and extent of discovery, and it is not an abuse of that discretion to stay discovery until the question of a defendant's immunity can be resolved on summary judgment. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1989); see also Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (because qualified immunity questions are to be resolved at earliest possible state of litigation, stay of discovery is appropriate where question can be resolved on summary judgment).

2 - ORDER -

Here, Plaintiff fails to establish that responses to his pending discovery requests are necessary for him to respond to the qualified immunity claim in Defendant's Motion for Summary Judgment. Accordingly, the Court finds Defendants are entitled to a stay of discovery pending the resolution of their Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court GRANTS Defendants' Motion to Amend Answer and Affirmative Defenses (#34) and Defendants' Motion to Stay Discovery (#41).

IT IS FURTHER ORDERED that Plaintiff shall have until February 10, 2011, to file a response to Defendants' Motion for Summary Judgment. Defendants shall have until February 24, 2011, to file their reply. Defendants' Motion for Summary Judgment (#36) shall be taken UNDER ADVISEMENT on February 24, 2011. Plaintiff is directed to the Summary Judgment Advice Notice (#12) issued by the Clerk of the Court on April 16, 2010, for direction in preparing his response to Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED this 11th day of January, 2011.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge